UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLAS JAMES CYR,

NO. CIV. S-09-3043 LKK/KJM

Plaintiff,

v.

CITY OF FAIRFIELD, LARRY TODD, Police Chief of City of Fairfield, in his capacity as Chief of Police for the City of Fairfield; FAIRFIELD POLICE OFFICERS BRIAN GASSEN, PERRY AND NATHAN STRICKLAND, and Does 1 to 100, inclusive,

O R D E R

Defendants.

_________________________________/

This case involves the force used during plaintiff's arrest. Plaintiff’s complaint names five defendants, and enumerates ten causes of action. Defendant City of Fairfield (“City”) initially moved to dismiss all claims against it and to strike the punitive damages claim against it. Defendant Larry Todd, Police Chief of City, (“Todd”) initially moved to dismiss five of the ten claims against him, and for a more definite statement of three of the

remaining five claims against him. Defendant police officers Brian Gassen ("Gassen"), Joseph Perry ("Perry"), and Nathan Strickland ("Strickland") initially moved to dismiss five of the six claims against them, and for a more definite statement of the remaining claim against them. In their reply, however, defendants withdrew their motion to dismiss as to all arguments but City's motion to dismiss plaintiffs' fifth and eighth claims and Todd's motion to dismiss plaintiff's ninth claim. The motion for a more definite statement remains. Plaintiff concedes that his second cause of action, for violation of due process under the Fifth Amendment, third cause of action, for violation of his right against cruel or unusual punishment, and tenth cause of action, for respondeat superior, should be dismissed. For the reasons stated below defendants' motion is granted in part and denied in part.

## I. BACKGROUND[1]

Plaintiff Douglas Cyr ("Cyr") was arrested at his home on or about October 31, 2008, by officers Gassen, Perry, and Strickland ("arresting officer defendants") for allegedly driving under the influence earlier that evening. Plaintiff's Complaint for Damages ("Complaint") ¶ 10. These officers were employed by the City and supervised by Todd. Complaint ¶¶ 5, 10. Plaintiff alleges that arresting officer defendants and Todd, without warning or justification, dragged plaintiff approximately 25 feet across

[1] These facts are taken from the allegations in the complaint unless otherwise specified. The allegations are taken as true for purposes of this motion only.

asphalt, while in handcuffs, to a police vehicle. Complaint ¶ 12. As a result, plaintiff suffered injuries including lacerations, deep abrasions, extensive "road rash," and psychological injuries. Complaint ¶ 13. He was transported to the nearest hospital prior to booking. Complaint ¶ 14.

## II. STANDARD

### A. Standard for a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

A Fed. R. Civ. P. 12(b)(6) motion challenges a complaint's compliance with the pleading requirements provided by the Federal Rules. In general, these requirements are established by Fed. R. Civ. P. 8, although claims that "sound[] in" fraud or mistake must meet the requirements provided by Fed. R. Civ. P. 9(b). Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103-04 (9th Cir. 2003).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give defendant "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation and modification omitted).

To meet this requirement, the complaint must be supported by factual allegations. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. Id. at 1949-50. Iqbal and Twombly therefore

prescribe a two step process for evaluation of motions to dismiss. The court first identifies the non-conclusory factual allegations, and the court then determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief." Id.; Erickson v. Pardus, 551 U.S. 89 (2007).[2]

"Plausibility," as it is used in Twombly and Iqbal, does not refer to the likelihood that a pleader will succeed in proving the allegations. Instead, it refers to whether the non-conclusory factual allegations, when assumed to be true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557). A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

The line between non-conclusory and conclusory allegations is not always clear. Rule 8 "does not require 'detailed factual

---

[2] As discussed below, the court may consider certain limited evidence on a motion to dismiss. As an exception to the general rule that non-conclusory factual allegations must be accepted as true on a motion to dismiss, the court need not accept allegations as true when they are contradicted by this evidence. See Mullis v. United States Bankr. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987), Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While Twombly was not the first case that directed the district courts to disregard "conclusory" allegations, the court turns to Iqbal and Twombly for indications of the Supreme Court's current understanding of the term. In Twombly, the Court found the naked allegation that "defendants 'ha[d] entered into a contract, combination or conspiracy to prevent competitive entry . . . and ha[d] agreed not to compete with one another,'" absent any supporting allegation of underlying details, to be a conclusory statement of the elements of an anti-trust claim. Id. at 1950 (quoting Twombly, 550 U.S. at 551). In contrast, the Twombly plaintiffs' allegations of "parallel conduct" were not conclusory, because plaintiffs had alleged specific acts argued to constitute parallel conduct. Twombly, 550 U.S. at 550-51, 556.

Twombly also illustrated the second, "plausibility" step of the analysis by providing an example of a complaint that failed and a complaint that satisfied this step. The complaint at issue in Twombly failed. While the Twombly plaintiffs' allegations regarding parallel conduct were non-conclusory, they failed to support a plausible claim. Id. at 566. Because parallel conduct was said to be ordinarily expected to arise without a prohibited agreement, an allegation of parallel conduct was insufficient to support the inference that a prohibited agreement existed. Id. Absent such an

////

agreement, plaintiffs were not entitled to relief. Id.[3]

In contrast, Twombly held that the model pleading for negligence demonstrated the type of pleading that satisfies Rule 8. Id. at 565 n.10. This form provides "On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway." Form 9, Complaint for Negligence, Forms App., Fed. Rules Civ. Proc., 28 U.S.C. App., p 829. These allegations adequately "'state[] . . . circumstances, occurrences, and events in support of the claim presented.'" Twombly, 550 U.S. at 556 n.3 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 94, 95 (3d ed. 2004)). The factual allegations that defendant drove at a certain time and hit plaintiff render plausible the conclusion that defendant drove negligently.

**B. Standard for a Fed. R. Civ. P. 12(e) Motion for a More Definite Statement**

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). "The situations in which a Rule 12(e) motion is appropriate are very limited." 5A Wright and Miller, Federal

[3] This judge must confess that it does not appear self-evident that parallel conduct is to be expected in all circumstances and thus would seem to require evidence. Of course, the Supreme Court has spoken and thus this court's own uncertainty needs only be noted, but cannot form the basis of a ruling.

Practice and Procedure § 1377 (1990). Furthermore, absent special circumstances, a Rule 12(e) motion cannot be used to require the pleader to set forth "the statutory or constitutional basis for his claim, only the facts underlying it." McCalden v. California Library Ass'n, 955 F.2d 1214, 1223 (9th Cir. 1990). However, "even though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion . . . require such detail as may be appropriate in the particular case." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

**C. Standard for a Fed. R. Civ. P. 12(f) Motion to Strike**

Rule 12(f) authorizes the court to order stricken from any pleading "any redundant, immaterial, impertinent, or scandalous matter." A party may bring on a motion to strike within 20 days after the filing of the pleading under attack. The court, however, may make appropriate orders to strike under the rule at any time on its own initiative. Thus, the court may consider and grant an untimely motion to strike where it seems proper to do so. See 5A Wright and Miller, Federal Practice and Procedure: Civil 2d § 1380.

Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties. See 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1380; See also Hanna v. Lane, 610 F. Supp. 32, 34 (N.D. Ill. 1985). If the court is

in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits. See 5A Wright & Miller, supra, at § 1380.

## III. ANALYSIS

### A. Motion to Dismiss

Defendants move to dismiss three claims to which plaintiff does not concede dismissal is proper. These claims are plaintiff's intentional infliction of emotional distress and negligence claims as to defendant City and plaintiff's negligent selection, training, retention, supervision, investigation, and discipline claim as to defendant Todd.

#### 1. Negligence and Intentional Infliction of Emotional Distress

All defendants initially moved to dismiss plaintiff's negligence and intentional infliction of emotional distress claims under California's Tort Claims Act ("CTCA"). However, in defendants' reply brief, defendants withdrew their motion as to the individual defendants, and only seek dismissal of the claims against City. As an initial matter, plaintiff does not bring a claim for intentional infliction of emotional distress against defendant City. Accordingly, the court does not consider this argument.

Plaintiff's claim for negligence is unclear as to whether plaintiff is bringing a claim against City. The cause of action

does not list the defendants it seeks to hold liable as they are listed in plaintiff's other claims. Further, the initial allegations specify individual actions, yet ultimately refers generally to hold "defendants" liable. Because the court grants plaintiff leave to amend, it does not need to decide whether plaintiff's claim puts City on notice as to plaintiff's intention to hold it liable for negligence. Plaintiff is instructed to clarify this cause of action in the subsequent complaint to identify (1) whether plaintiff seeks to hold City liable, and, if so, (2) under what theory of liability plaintiff seeks to hold City liable.[4]

**2. Negligent Selection, Training, Retention, Supervision, Investigation and Discipline**

Defendants Todd and City initially moved to dismiss this claim under the CTCA. However, in their reply they withdrew

---

[4] In its initial motion, Defendant City argued that it is immune from plaintiff's negligence claim under Section 815 of the CTCA. This section provides that, except as imposed by other statutes, "a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person" and "is subject to any defenses that would be available to the public entity if it were a private person." Cities are public entities under the CTCA. Cal. Gov. Code § 811.2. However, California Government Code Section 815.2(a) provides that public entities are liable for injuries proximately caused by acts or omissions of employees acting within the scope of their employment if the act or omission would give rise to a cause of action against the employee. Thus, 815.2(a) is a statute imposing respondeat superior tort liability on public entities. Hoff v. Vacaville Unified School Dist., 19 Cal. 4th 925, 932 (1998). Therefore, City can be held liable if Defendants Todd, Gassen, Perry, and Strickland were acting within the scope of their employment when they caused harm to plaintiff. So the liability of City rests on whether the officers themselves can be held liable, as required by Cal. Gov. Code § 815.2(a).

these arguments. Defendants also assert that this claim is insufficiently pled in that plaintiff's allegations are conclusory and fail to put defendants on notice of his claims. Plaintiff concedes that some allegations in this claim are not sufficiently pled, and seeks leave to amend. Because this court grants plaintiff such leave, the court does not address defendant's remaining concern.[5] In their reply, defendant Todd also argues that plaintiff cannot state a claim for negligent selection, training, retention, supervision, investigation and discipline based on one act (plaintiff's arrest). As plaintiff will be amending this claim, and as this argument was only raised in reply, the court declines to decide this question. Nonetheless, the court is skeptical as to the merits of defendant's argument.

**B. Motion for a More Definite Statement**

Defendants assert several of plaintiff's claims are impermissibly vague. Specifically, defendants seek a more definite statement as to plaintiff's first cause of action under the Fourth Amendment, fourth cause of action for Monell

---

[5] Nonetheless, the court notes that plaintiff bases this claim upon negligence, but also references 42 U.S.C. § 1983. However, liability for failure to train officers under 1983 requires deliberate indifference to the rights of those with whom the officers will come into contact, not mere negligence. City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). However, common law torts for negligent supervision exist. See, e.g., Juarez v. Boy Scouts of America, Inc., 81 Cal. App. 4th 377, 395 (2000). As such, plaintiff is advised to clearly identify whether he brings claims under federal law or state law when amending this claim. If he brings claims under both theories, they should be separate causes of action.

liability, sixth cause of action for battery, and seventh cause of action for false arrest/imprisonment. No heightened pleading standard applies to these claims. Thus, our only concern is whether the complaint is sufficient to enable defendants to file responsive pleadings.

**1. Right to be Free from Unreasonable Searches and Seizures**

With regard to plaintiff's claim under the Fourth Amendment, defendants City and Todd object to the inclusion of language elsewhere in the complaint that suggests the use of excessive force. However, they do not contend that the cause of action itself is so vague as to prevent them from responding. All plaintiff must plead to make a definite statement of a violation of his Fourth Amendment rights is that he was seized, and that the seizure was unreasonable. Scott v. Harris, 550 U.S. 372, 381. He has done so here. The fact that the complaint contains language elsewhere which could support additional Fourth Amendment claims does not make the Fourth Amendment claim that plaintiff has pled indefinite. Accordingly, there appears to be no basis to order plaintiff to provide a more definite statement of this cause of action.

**2. Monell Liability**

With regard to plaintiff's cause of action for Monell liability, defendants City and Todd assert that the allegations that they had been given notice of a pattern of constitutional violations fail to state the type of notice, when it was given,

and by whom. Initially, the complaint does allege that notice was given "by and through their supervisory officials and employees," answering the "by whom" question. With regard to defendants' other objections, this claim does not concern allegations of fraud or other claims to which a heightened pleading standard applies. Even if the court accepts that plaintiff will ultimately need to prove the type of notice and when it was given to prevail on his Monell cause of action, pleading these facts is not necessary to put City on notice of plaintiff's claim. Here, the statement of this claim is sufficiently definite because it alleges that defendants had notice of ongoing violations and failed to take adequate measures in response. A more definite statement of this cause of action is not appropriate.

**3. Battery**

With regard to plaintiff's sixth cause of action for battery, defendant Todd objects to his implicit inclusion among those who allegedly committed the acts constituting battery against the plaintiff and seeks a more definite statement on those grounds. The claim for battery is ambiguous as to Todd. Because Todd may be entitled to immunity from suit if plaintiffs only seek to hold him liable under a theory of respondeat superior, Cal. Gov. Code § 820.8, but would not be if plaintiffs seek to hold him liable for his own acts, the court grants Todd's motion for a more definite statement as to this claim.

////

**4. False Arrest/Imprisonment**

Finally, defendants Todd, Gassen, Perry, and Strickland argue that the seventh cause of action for false arrest/imprisonment is vague because it is unclear whether plaintiff is referring to the alleged dragging incident or to something else. But as plaintiff points out in his opposition to the motion, the dragging incident following his arrest at his home is the only event described in his complaint. Thus, plaintiff's allegation of false arrest/imprisonment is not vague and no order to provide a more definite statement of this cause of action is proper.

**C. Motion to Strike**

Defendant City moves to dismiss plaintiff's claims for punitive damages against it. A municipality is immune from punitive damages under 42 U.S.C. § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Cal. Gov. Code § 818 prohibits the imposition of punitive damages against public entities for state law claims. See McAllister v. South Coast Air Quality Management District, 183 Cal. App. 3d 653 (1986). Cities are public entities. Cal. Gov. Code § 811.2. Therefore, City's motion to strike is granted insofar as plaintiff seeks punitive damages against it. However, plaintiff's claims against City survive insofar as they do not seek punitive damages against City. Given that plaintiff has requested leave to amend his complaint, plaintiff should limit any claims for punitive damages to the individual defendants.

**IV. CONCLUSION**

For the reasons stated above, defendants' motions to dismiss, for a more definite statement, and to strike, Doc. 10, are GRANTED IN PART.

The court DISMISSES the following claims:

1. Second Claim, for violation of due process under the Fifth Amendment.
2. Third Claim, for violation of right against cruel and unusual punishment.
3. Tenth Claim, for respondeat superior.

All dismissals are without prejudice. Plaintiffs are granted twenty-one (21) days to file an amended complaint.

The court STRIKES the following claim:

1. Plaintiff's claim for punitive damages, insofar as it applies to defendant City.

The court GRANTS defendant Todd's motion for a more definite statement as to the following claim:

1. Sixth Claim, for battery.

Defendants' motions are otherwise denied.

IT IS SO ORDERED.

DATED: March 9, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT