GREGORY D. RUEB, ESQ. #154589
RUEB, MOTTA & MANOUKIAN
A Professional Law Corporation
1401 Willow Pass Road, Suite 880
Concord, CA 94520
Telephone: (925) 602-3400
Facsimile: (925) 602-0622

Attorneys for Plaintiff
DOUGLAS JAMES CYR

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS JAMES CYR,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FAIRFIELD, LARRY TODD, Police Chief of CITY OF FAIRFIELD, individually and in his capacity as Chief of Police for the CITY OF FAIRFIELD, FAIRFIELD POLICE OFFICERS BRIAN GASSEN, JOSEPH PERRY AND NATHAN STRICKLAND, and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.  2:09-CV-03043-LKK-KJM<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>(Violation of Constitutional Right to be Free From Unreasonable Searches and Seizures 42 USC § 1983; Monell Liability; Intentional Infliction of Emotional Distress; Battery; False Arrest Imprisonment; Negligence; Negligent Selection, Training, Retention, Supervision, Investigation and Discipline)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff hereby alleges as follows:

## JURISDICTION

1.     This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Section 1331 and 1343. The unlawful acts and practices alleged occurred in the City of Fairfield, County of Solano, California, which is within this judicial district.

RUEB, MOTTA & MANOUKIAN
A Prof. Law Corp.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

1

*Plaintiff's First Amended Complaint for Damages*
*Cyr v .City of Fairfield, et al.*

2.       Pursuant to 42 U.S.C. 1367(a) this court has supplemental jurisdiction over the state claims brought in this action. The federal and state law claims arise from a common set of operative facts and from the same set of transactions and occurrences.

## PARTIES

3.       At all times herein mentioned, Plaintiff DOUGLAS CYR [hereinafter "CYR"] was a resident of the City of Fairfield, County of Solano, State of California.

4.       Defendant CITY OF FAIRFIELD [hereinafter "CITY"] is a municipal corporation, duly organized and existing under the laws of the State of California. Defendant LARRY TODD [hereinafter "TODD"] is and at all times herein mentioned was the Chief of Police for Defendant CITY, acting under color of law and in the course and scope of his employment for Defendant CITY.

5.       At all times herein mentioned, CYR is informed and believes therein and alleges that Defendants TODD, Fairfield Police Officers BRIAN GASSEN, JOSEPH PERRY, and NATHAN STRICKLAND, [hereinafter collectively referred to as DEFENDANT POLICE OFFICERS] and DOE Defendants 1 through 100 were residents of the County of Solano, and were police officers, sergeants, detectives, and/or civilian employees, agents, and representatives of the City of Fairfield Police Department and employees and agents of Defendant CITY.   At all times relevant hereto, said defendants were acting within the course and scope of their employments as police officers, sergeants, detectives, and/or civilian employees of the City of Fairfield Police Department, a department and subdivision of Defendant CITY.

6.       At all times relevant herein, said defendants were acting under color of law, to wit, under the color of statutes, ordinances, regulations, policies, customs, practices and usages of Defendant CITY, its police department and/or the State of California.

RUEB, MOTTA
& MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

*Plaintiff's First Amended Complaint for Damages*

*Cyr v .City of Fairfield, et al.*

7.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages suffered by Plaintiff as set forth herein. Plaintiff will amend this complaint to state the true names and capacities of Defendants DOES 1 through 100, inclusive, when they have been ascertained.

8.     At all times relevant herein, DEFENDANT POLICE OFFICERS were acting within the course and scope of their employment as police officers and employees of the Defendant CITY, which is liable under the principles of *respondent superior* for said employees' tortuous conduct pursuant to section 815.2 of the California Government Code.

9.     At all times herein mentioned each named and each DOE Defendant was the agent or employee of Co-Defendant CITY, and in doing the things alleged, were acting within the course and scope of such agency or employment, and with the actual or implied permission, consent, authorization, and approval of Defendant CITY.

## STATEMENT OF FACTS

10.     On or about October 31, 2008, DOUGLAS CYR, was contacted at his home, located at 811 Oakbrook Drive, Fairfield, California, by Fairfield Police Officers BRIAN GASSEN, JOSEPH PERRY, and NATHAN STRICKLAND, under the supervision of LARRY TODD, and arrested CYR for alleged DUI that had occurred earlier that evening (Arrest Report No. 08-15597).

11.     Mr. CYR was placed in handcuffs without incident.

12.     In violation of all peace officer standards and training, DEFENDANT POLICE OFFICERS simply came on the scene, and without warning or justification and without any perceived or real threat to themselves or other members of the community,

RUEB, MOTTA
& MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

and in complete failure to adhere to all polices and training within the City of Fairfield Police Department and police department formally adopted policies and procedures, illegally, intentionally and/or negligently used excessive force on CYR, dragging CYR an estimated 25 feet across the asphalt while being escorted to the police vehicle while in handcuffs causing injuries described herein.

13.     The complete failure of these officers to comport and comply with their training caused them to injure CYR with no reason thereby causing him permanent injuries to his body and psyche including, but not limited to multiple lacerations, deep abrasions and nerve damage, extensive "road rash" to his elbows and forearms, wrists, lower back, and buttocks, and psychological injuries.

14.     CYR was transported to the nearest hospital prior to arresting Police Officers booking CYR for the alleged charges.

## DAMAGES

15.     As a proximate result of Defendants' conduct, CYR suffered pain and physical injuries.

16.     As a further proximate result of Defendants' conduct, CYR suffered severe emotional and mental distress, fear, and anxiety.

17.     As a further proximate result of Defendants' conduct, CYR has incurred medical expenses, will likely incur ongoing future medical expenses and diminished quality of life.

18.     The conduct of Defendants DEFENDANT POLICE OFFICERS and DOES 1 – 100 was extreme, done with excessive force, outrageous, malicious, wanton, and oppressive. Plaintiff CYR is therefore entitled to an award of punitive damages against Defendant DEFENDANT POLICE OFFICERS, and DOE Defendants.

19.     Plaintiff CYR found it necessary to engage the services of private counsel

RUEB, MOTTA
& MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

*Plaintiff's First Amended Complaint for Damages*

*Cyr v .City of Fairfield, et al.*

to vindicate his rights under the law and have and will incur fees and costs.

## FIRST CAUSE OF ACTION

## VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE FROM

## UNREASONABLE SEARCHES AND SEIZURES

### (As to DEFENDANT POLICE OFFICERS AND DEFENDANT CITY)

20.     Plaintiff hereby repeats, re-alleges and incorporates the allegations contained in all paragraphs above as though full set forth herein.

21.     This action is brought pursuant to 42 U.S.C. Section 1983, and the Fourth Amendment to the United States Constitution.

22.     At all times relevant hereto, CYR possessed the right, guaranteed by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches, seizures, and uses of force by police officers acting under the color of law.

23.     As described herein above, DEFENDANT POLICE OFFICERS, and each of them, violated CYR'S Fourth Amendment rights by unlawfully and unreasonably using excessive force twisting CYR'S wrists and striking CYR with handcuffs without any cause or legal justification, and by unlawfully and unreasonably detaining, handcuffing, and arresting CYR without reasonable suspicion or probably cause, and by subjecting CYR to unlawful threats, coercive conduct, and intimidation during the course of his interrogation. Said conduct by the DEFENDANT POLICE OFFICERS was done while DEFENDANT POLICE OFFICERS were acting within the course of scope of their employment for Defendant CITY. Defendant CITY is liable under the principles of *respondeat superior* for the aforementioned acts of DEFENDANT POLICE OFFICERS pursuant to California Government Code Section 815.2.

RUEB, MOTTA
& MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

*Plaintiff's First Amended Complaint for Damages*

*Cyr v . City of Fairfield, et al.*

24.     In performing the aforementioned acts, said defendants, acted specifically with the intent to deprive to CYR of his Constitutional rights under the Fourth Amendment to be free from unreasonable seizures, rights of which as police officers, they were fully aware.

25.     Said DEFENDANT POLICE OFFICERS subjected CYR to the aforementioned deprivations with either actual malice, deliberate indifference or a reckless disregard of his rights under the United States Constitution.

26.     As a direct and proximate result of the aforementioned acts of said DEFENDANT POLICE OFFICERS, CYR suffered the violation of his Constitutional rights as described above, CYR has sustained severe physical, emotional, and psychological injuries that have caused him to seek the care of hospitals, physicians, surgeons, and other professional medical personnel.  The amount of damages suffered by the CYR will be subject to proof at the time of trial, and exceeds the jurisdictional amount of this Court.

27.     The aforementioned acts of said DEFENDANT POLICE OFFICERS were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said DEFENDANT POLICE OFFICERS.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 (MONELL LIABILITY)

28.     Plaintiff re-alleges, repeats and incorporates by reference the allegations contained in all paragraphs above as though fully set forth herein.

29.     Defendants CITY, TODD, and DOES 1 through 100, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by DOE Defendants and other

RUEB, MOTTA
& MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

*Plaintiff's First Amended Complaint for Damages*

*Cyr v .City of Fairfield, et al.*

City of Fairfield police officers, constituting the deliberate indifference to the pain and suffering of victims of police brutality while being arrested for alleged crimes by police officers of Defendants CITY. Despite said notice, Defendants CITY, TODD, and DOES 1 through 100 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent the continued perpetuation of said pattern of conduct by deputies of the City of Fair Police Department. This lack of adequate supervisorial response by Defendants CITY, TODD and DOES 1 through 100 demonstrates ratification of the DOE Defendants unconstitutional acts, as well as the existence of an informal custom or policy which tolerates and promotes the continued indifference to police brutality.

30.     The acts of Defendant TODD and DOES 1 through 100 alleged herein are the direct and proximate result of the deliberate indifference and policy and/or practice of Defendants CITY, TODD and DOES 1 through 100 and their supervisory officials and employees to violations of the constitutional rights of citizens by Defendant TODD and DOES 1 - 100 herein, and other members of the City of Fairfield Police Department. The Plaintiff's injuries were foreseeable and a proximate result of the deliberate indifference of the CITY, TODD, and DOES 1 through 100 to the pattern, practices, customs, and policies described above.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## THIRD CAUSE OF ACTION

### FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (As Against DEFENDANT POLICE OFFICERS & DEFENDANT CITY)

31.     Plaintiff hereby repeats, re-alleges and incorporates the allegations contained in all paragraphs above as though fully set forth herein.

RUEB, MOTTA
& MANOUKIAN
A PROV. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

32.     DEFENDANT   POLICE   OFFICERS'   conduct   in   unlawfully   and unjustifiably exerting physical force upon CYR, placing a gun on CYR, and handcuffing CYR with no probable cause to believe he had committed any crime was outrageous and exceeded the bounds of conduct usually tolerated in this society.  Said conduct by the DEFENDANT POLICE OFFICERS was done while DEFENDANT POLICE OFFICERS were acting within the course of scope of their employment for Defendant CITY. Defendant CITY is liable under the principles of *respondeat superior* for the aforementioned acts of DEFENDANT POLICE OFFICERS pursuant to California Government Code Section 815.2.

33.     DEFENDANT POLICE OFFICERS, in engaging in the aforementioned conduct intended to cause CYR emotional distress and/or acted with reckless disregard of the probability that CYR was present when the conduct occurred.

34.     DEFENDANT POLICE OFFICERS' conduct was a substantial factor in causing CYR to suffer from severe emotional distress, mental pain, anguish, embarrassment, humiliation, and psychological disturbance.  CYR has suffered special and general damages as a result of the motional distress, mental pain, anguish, embarrassment, humiliation and psychological disturbance in an amount according to proof at trial in excess of this Court's jurisdiction.

35.     The aforementioned acts of said individual defendants were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to DEFENDANT POLICE OFFICERS.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

## FOR BATTERY

### (As against DEFENDANT POLICE OFFICERS)

RUEB, MOTTA
& MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

*Plaintiff's First Amended Complaint for Damages*

*Cyr v .City of Fairfield, et al.*

36.    Plaintiff hereby repeats, re-alleges and incorporates the allegations contained in all paragraphs above as though fully set forth herein.

37.    In unjustifiably and unlawfully dragging CYR across the asphalt while in handcuffs, DEFENDANT POLICE OFFICERS touched CYR with the intent to harm or offend CYR, or touched CYR with a willful disregard of CYR'S rights.  CYR did not consent to this harmful and offensive touching.  Said conduct by the DEFENDANT POLICE OFFICERS was done while DEFENDANT POLICE OFFICERS were acting within the course of scope of their employment for Defendant CITY. Defendant CITY is liable under *respondeat superior* for the aforementioned acts of DEFENDANT POLICE OFFICERS pursuant to California Government Code Section 815.2.

38.    As a direct and proximate result of said DEFENDANT POLICE OFFICERS conduct, CYR suffered serious, permanent, and debilitating physical, psychological, and psychiatric injuries, which have forced him to seek treatment from hospital, physicians, surgeons, and other medical professionals.  The amount of special damages claimed by CYR exceeds the jurisdictional amount of this Court, and which will be sought by CYR according to proof at the time of trial.

39.    The aforementioned acts of said DEFENDANT POLICE OFFICERS were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said DEFENDANT POLICE OFFICERS.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## FIFTH CAUSE OF ACTION

## FOR FALSE ARREST/IMPRISONMENT

### (Against DEFENDANT POLICE OFFICERS AND DEFENDANT CITY)

40.    Plaintiff hereby repeats, re-alleges and incorporates the allegations contained in all paragraphs above as though fully set for the herein.

RUEB, MOTTA
& MANOUKIAN
A Prof. Law Corp.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

*Plaintiff's First Amended Complaint for Damages*

*Cyr v .City of Fairfield, et al.*

41.     As set forth herein, DEFENDANT POLICE OFFICERS unlawfully and unjustifiably dragged CYR across the asphalt while handcuffed and placed into custody by DEFENDANT POLICE OFFICERS and then was held captive and falsely imprisoned.

42.     As set forth herein, CYR'S imprisonment was unlawful in that there was no reasonable suspicion or probable cause to imprison CYR as for alleged DUI violations. CYR was innocent of any wrongdoing.   Said conduct by the DEFENDANT POLICE OFFICERS was done while DEFENDANT POLICE OFFICERS were acting within the course of scope of their employment for Defendant CITY. Defendant CITY is liable under the principles of *respondeat superior* for the aforementioned acts of DEFENDANT POLICE OFFICERS pursuant to California Government Section 815.2.

43.     DEFENDANT POLICE OFFICERS' conduct was a substantial factor in causing CYR to suffer harm in that CYR incurred severe emotional distress, mental pain, anguish, embarrassment, humiliation, and psychological disturbance.   CYR has suffered special and general damages as a result of the emotional distress, mental pain, anguish, embarrassment, humiliation and psychological disturbance in an amount according to proof at trial in excess of this Court's jurisdiction due to his permanent injuries to his wrist as a result of this incident.

44.     The aforementioned acts of said DEFENDANT POLICE OFFICERS were willful, wanton, malicious, and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said DEFENDANT POLICE OFFICERS.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SIXTH CAUSE OF ACTION

## FOR NEGLIGENCE

### (As Against DEFENDANT POLICE OFFICERS AND DEFENDANT CITY)

RUEB, MOTTA
& MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

*Plaintiff's First Amended Complaint for Damages*

*Cyr v . City of Fairfield, et al.*

45.     Except as to allegations of intentional conduct, CYR hereby repeats, re-alleges and incorporates the allegations contained in all paragraphs above as though fully set forth herein.

46.     As police officers, DEFENDANT POLICE OFFICERS owed CYR a duty of reasonable care in the performance of their duties.

47.     DEFENDANT POLICE OFFICERS breached this reasonable duty of care toward CYR by unlawfully and unjustifiably dragging CYR across the asphalt and subsequently exerting physical force on CYR.     DEFENDANT POLICE OFFICERS further breached its duty of care toward CYR by placing him into custody. Said conduct by the DEFENDANT POLICE OFFICERS was done while DEFENDANT POLICE OFFICERS were acting within the course of scope of their employment for Defendant CITY. Defendant CITY is liable under the principles of *respondeat superior* for the aforementioned acts of DEFENDANT POLICE OFFICERS pursuant to California Government Section 815.2.

48.     DEFENDANT POLICE OFFICERS' conduct was a substantial factor in causing CYR to suffer serious, permanent, and debilitating physical, psychological, and psychiatric injuries, which have forced him to seek treatment from hospitals, physicians, surgeons, and other medical professionals.   The amount of damages claimed by CYR exceeds the jurisdictional amount of this Court, and which will be sought by CYR according to proof at time of trial.

WHEREFORE, Plaintiff prays for relief as set forth herein.

## SEVENTH CAUSE OF ACTION

## NEGLIGENCE UNDER 42 USC § 1983

### (As Against DEFENDANT POLICE OFFICERS AND DEFENDANT CITY)

RUEB, MOTTA
& MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

*Plaintiff's First Amended Complaint for Damages*

*Cyr v .City of Fairfield, et al.*

49.     Plaintiff hereby repeats, re-alleges and incorporates the allegations contained in all paragraphs above as though fully set forth herein.

50.     Except as to allegations of intentional conduct, CYR hereby repeats, re-alleges and incorporates the allegations contained in all paragraphs above as though fully set forth herein.

51.     As police officers, DEFENDANT POLICE OFFICERS owed CYR a duty of reasonable care in the performance of their duties.

52.     DEFENDANT POLICE OFFICERS breached this reasonable duty of care toward CYR by unlawfully and unjustifiably dragging CYR across the asphalt and subsequently exerting physical force on CYR.    DEFENDANT POLICE OFFICERS further breached its duty of care toward CYR by placing him into custody. Said conduct occurred under color of State Law and was done with deliberate indifference to deprive the rights of those, like CYR, with whom the officers will come into contact. Said conduct by the DEFENDANT POLICE OFFICERS was done while DEFENDANT POLICE OFFICERS were acting within the course of scope of their employment for Defendant CITY. Defendant CITY is liable under the principles of *respondeat superior* for the aforementioned acts of DEFENDANT POLICE OFFICERS pursuant to California Government Section 815.2.

53.     DEFENDANT POLICE OFFICERS' conduct was a substantial factor in causing CYR to suffer serious, permanent, and debilitating physical, psychological, and psychiatric injuries, which have forced him to seek treatment from hospitals, physicians, surgeons, and other medical professionals.   The amount of damages claimed by CYR exceeds the jurisdictional amount of this Court, and which will be sought by CYR according to proof at time of trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

RUEB, MOTTA
& MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

*Plaintiff's First Amended Complaint for Damages*

*Cyr v .City of Fairfield, et al.*

## EIGHT CAUSE OF ACTION

## NEGLIGENT SELECTION, TRAINING, RETENTION, SUPERVISION, INVESTIGATION, AND DISCIPLINE

54.     Plaintiff hereby repeats, re-alleges and incorporates the allegations contained in all paragraphs above as though fully set forth herein.

55.     Defendants CITY and TODD, in his individual capacity, and DOES 1 through 100 have, at all times mentioned herein had a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate, and discipline Defendant DOES 1 through 100 herein so as to avoid cruel and unusual punishment to individuals being arrested and detained by deputies at the City of Fairfield Police Department.

56.     Defendants CITY and TODD, in his individual capacity, and DOES 1 through 100, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by Defendant DOES 1 through 100, and other City of Fairfield police deputies, including their deliberate indifference to the pain and suffering of victims of police brutality. The CITY'S policy of utilizing excessive force by the City of Fairfield police officers when arresting and/or detaining individuals manifests systemic indifference to lack of training.

57.     Despite this notice, Defendants CITY and TODD, in his individual capacity, while acting under color of State Law, and DOES 1 through 100 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent this continued perpetuation of this pattern of conduct by City of Fairfield police deputies.

58.     Defendants CITY and TODD, in his individual capacity, and DOES 1 through 100 breached their duty of care to individuals entrusted to their care while being arrested and detained in that they have failed to adequately train Defendant DOES 1

RUEB, MOTTA
& MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

*Plaintiff's First Amended Complaint for Damages*

*Cyr v. City of Fairfield, et al.*

through 100, and other City of Fairfield police officers in the proper procedure to arrest and detain individuals. This lack of an adequate supervisorial response by Defendants CITY and TODD, in his individual capacity, and DOES 1 through 100, and lack of adequate supervisorial training, demonstrates the existence of an informal custom or policy which tolerates and promotes police brutality by City of Fairfield police officers.

59.     The wrongful conduct of Defendants CITY and TODD, in his individual capacity, and DOES 1 through 100 proximately resulted in CYR suffering damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## NINTH CAUSE OF ACTION
## NEGLIGENT SELECTION, TRAINING, RETENTION, SUPERVISION, INVESTIGATION, AND DISCIPLINE UNDER 42 USC § 1983

60.     Plaintiff hereby repeats, re-alleges and incorporates the allegations contained in all paragraphs above as though fully set forth herein.

61.     Defendants CITY and TODD, in his individual capacity, and DOES 1 through 100 have, at all times mentioned herein had a mandatory duty of care to properly and adequately select, train, retain, supervise, investigate, and discipline Defendant DOES 1 through 100 herein so as to avoid cruel and unusual punishment to individuals being arrested and detained by deputies at the City of Fairfield Police Department.

62.     Defendants CITY and TODD, in his individual capacity, and DOES 1 through 100, by and through their supervisory officials and employees, have been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by Defendant DOES 1 through 100, and other City of Fairfield police deputies, including their deliberate indifference to the pain and suffering of victims of police brutality. The CITY'S policy of utilizing excessive force by the City of Fairfield police officers when

*Plaintiff's First Amended Complaint for Damages*

*Cyr v .City of Fairfield, et al.*

RUEB, MOTTA
& MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

arresting and/or detaining individuals manifests systemic indifference to lack of training.

63.     Despite this notice, Defendants CITY and TODD, in his individual capacity, while acting under color of State Law, and DOES 1 through 100 have demonstrated deliberate indifference to this pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate measures to prevent this continued perpetuation of this pattern of conduct by City of Fairfield police deputies.

64.     Defendants CITY and TODD, in his individual capacity, and DOES 1 through 100 breached their duty of care to individuals entrusted to their care while being arrested and detained in that they have failed to adequately train Defendant DOES 1 through 100, and other City of Fairfield police officers in the proper procedure to arrest and detain individuals. This lack of an adequate supervisorial response by Defendants CITY and TODD, in his individual capacity, and DOES 1 through 100, and lack of adequate supervisorial training, demonstrates the existence of an informal custom or policy which tolerates and promotes police brutality by City of Fairfield police officers.

65.     The wrongful conduct of Defendants CITY and TODD, in his individual capacity, and DOES 1 through 100 proximately resulted in CYR suffering damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## CLAIM REQUIREMENT

66.     For State causes of action related to Federal claims, Plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiff CYR'S injuries that are the subject of this cause of action occurred on October 31, 2008.  On April 22, 2009, Plaintiff CYR made a written Claim for damages to Defendant CITY in accordance with the provisions of Government Code sections 910 and 945.4. Said claim was received by CITY on April 27, 2009. A true and correct copy of the Claim and

RUEB, MOTTA
& MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

*Plaintiff's First Amended Complaint for Damages*

*Cyr v . City of Fairfield, et al.*

Receipt is attached to this complaint as Exhibit "A" and incorporated in this complaint by reference.

67.    Defendant CITY failed to act on CYR'S Claim of April 22, 2009 within the statutory forty-five (45) days time limit. CYR'S Claim is deemed rejected by operation of law as of June 7, 2009 by Defendant CITY in accordance with the provisions of Government Code section 912.4 (c). Plaintiff CYR has the option to commence a state court complaint within six (6) months or on before December 7, 2009. Plaintiff CYR has not filed a state court complaint.

### JURY DEMAND

Plaintiff hereby demands a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1.    General damages according to proof at trial;

2.    Special damages according to proof at trial;

3.    Punitive damages against individually named police officers GASSEN, PERRY and STRICKLAND according to proof at trial;

4.    Exemplary damages and a civil penalty of $25,000 for each violation against Plaintiff of Civil Code § 51.7, and reasonable attorney's fees, pursuant to Civil Code § 52(b);

5.    Costs of suit incurred herein;

6.    Such other and further relief as the Court may deem just and proper.

Dated: March 30, 2010                     RUEB, MOTTA & MANOUKIAN

By:_____/S/_____
GREGORY D. RUEB, ESQ.
Attorney for Plaintiff
DOUGLAS JAMES CYR

RUEB, MOTTA
& MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

RUEB, MOTTA
& MANOUKIAN
A PROF. LAW CORP.
METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD
SUITE 880
CONCORD, CA 94520
(925) 602-3400
FAX (925) 602-0622

**EXHIBIT A**



RECEIVED ON

APR 3 0 '09

RUEB, MOTTA & MANOUKIAN
A Professional Law Corp.

# GEORGE
# HILLS
# COMPANY, INC.

*Claims and Risk Management Services*

*Established 1954*

720 Southpoint Blvd., Suite 203 • Petaluma, CA 94954-1495 • (707) 769-5300 Phone • (707) 769-5315 Fax

April 29, 2009

Dirk L. Manoukian, Esquire
Rueb, Motta & Manoukian
1401 Willow Pass Road, Suite 880
Concord, CA 94520

RE:  Your Claim #:   08-089
      Insured:      City of Fairfield
      Your Client:   Douglas Cyr
      Date of Loss:  October 31, 2008
      GHC File #:   5-23512-32

Dear Mr. Manoukian:

George Hills Company, Inc. is the Liability Claim Administrators for the City of Fairfield. The claim you filed with the City Clerk's Office has been forwarded to our office for investigation and handling.

You should be contacted by our office with 30 days. Meanwhile, please feel free to contact the undersigned at the address shown above if you have any questions or additional information for us to consider.

Sincerely,

**GEORGE HILLS COMPANY, INC.**

Elizabeth Miller, CPCU
Claims Manager
EM/ms

---

Fresno    Lakeport    Long Beach    Petaluma    Sacramento    San Bernardino    San Jose    Vallejo    Walnut Creek



www.georgehills.com

Adjuster License 2607498  P.I. License 16154



| Post-It™ brand fax transmittal memo 7671 | # of pages ▸ 2 | | Receipt Date: 9/24/09 |
|---|---|---|---|
| To Marie | From Debi | | |
| Co. | Co. City of Fairfield | | City Clerk/Deputy Clerk |
| Dept. | Phone # | | Claim Number: 08-089 |
| Fax # 925 600 20622 | Fax # 428-7603 31 | | |

Before completing this form, please read the instructions attached. You may keep the goldenrod copy for your records, submit the other copies to the City Clerk. You must complete each section of this form or your claim may be returned to you as insufficient.   A claim must be presented, as prescribed by the Government Code of the State of California, by the claimant or a person acting on his/her behalf and shall show the following:

**1. Name and mailing address of claimant(s)**
DOUGLAS CYR
Name
811 OAKBROOK DRIVE,                          Phone Number(s)
Mailing Address                              FAIRFIELD          CA          94534
                                             City               State       Zip
Address to which notices from the City are to be directed (if different than above):
Name: DIRK L. MANOUKIAN, ATTORNEY FOR CLAIMANT
Address: 1401 WILLOW PASS RD, STE 880, CONCORD, CA 94520

**2. Where did the damage or injury occur? (Please include street address and intersection if applicable)**
811 OAKBROOK DRIVE, FAIRFIELD, CA 94534

**3. When did the damage or injury occur?**
OCTOBER 31, 2008                                        APPROX 2030
Month        Day                    Year                  Time

**4. Please explain the circumstances that led to the alleged damage or injury, state all the facts which support your claim against the City of Fairfield. If known, identify the name of the employee(s) that allegedly caused the damage or injury.** PLEASE SEE ATTACHED

**5. What specific damage or injury do you claim resulted from the alleged action?**
        PLEASE SEE ATTACHED

**6. If amount claimed totals less than $10,000:** The amount claimed, if less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed.
Amount Claimed and basis for computation: $1,000,000 FOR MEDICAL EXPENSES + GENERAL DAMAGES

If amount claimed exceeds $10,000:  If the amount claimed exceeds ten thousand ($10,000), a dollar amount is not required to be stated.  However, please indicate whether the claim would be a limited civil case. A limited civil case is one where the recovery sought is more than $25,000. (See CCP Section 86.)
_____ Limited Civil Case  $_____          X  Unlimited Civil Case  $1,000,000

You are required to provide the information requested above in order to comply with Government Code Section 910.  Additionally, in order to conduct a timely investigation and possible resolution of your claim, the City of Fairfield requests that you answer the following questions:

**7. Name, address, and telephone number of any witnesses to the occurrence or transaction which gave rise to the claim asserted;**
        PLEASE SEE ATTACHED

**8. Claimant(s) Social Security Number(s):** 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
**Claimant(s) Date of Birth:** 9-10-57

**9. If the claim involves medical treatment for a claimed injury, please include the name, address and telephone number of any doctors or hospitals providing treatment.**
        PLEASE SEE ATTACHED

**10. Signature of Claimant:**                          Date: 4-22-09
            ATTORNEY FOR CLAIMANT, DOUGLAS CYR
I declare under penalty of perjury that the foregoing is true and correct, and I understand that presentation of a false or fraudulent claim, with intent to defraud, is a crime punishable as a felony under California Penal Code, Section 72, and Insurance Code, Section 1871.1.

White/Yellow- Risk Management          Pink- Department          Goldenrod- Claimant

COPY

# RUEB, MOTTA & MANOUKIAN
### A PROFESSIONAL LAW CORPORATION

METROPLEX OFFICE CENTRE
1401 WILLOW PASS ROAD, SUITE 880
CONCORD, CA 94520

(925) 602-3400
FAX (925) 602-0622
WWW.RMMPROLAW.COM

April 22, 2009

City Clerk
City of Fairfield
1000 Webster Street, Fourth Floor
Fairfield, CA 94533

Re:     Attachment to Claim Form
        Our Client:   Douglas Cyr
        DOI:          10-31-08
        Location:     811 Oakbrook Drive, Fairfield, CA

To Whom It May Concern:

Please be advised that this law firm has been retained to represent Douglas Cyr with regard to prosecuting his claim for personal injuries arising from contact and subsequent arrest by Fairfield Police Officers on October 31, 2008.

This serves as an attachment to the Original Claim form.

Very truly yours,

*Gregory D. Rueb*

DIRK L. MANOUKIAN, ESQ.
GREGORY D. RUEB, ESQ.
Attorneys for Claimant
Douglas Cyr

*Serving Clients in California and Nevada*

## ATTACHMENT TO CLAIM OF DOUGLAS CYR

*4. Please explain the circumstances that led to the alleged damage or injury, state all facts which support your claim against the City of Fairfield. If known, identify the name of the employee(s) that allegedly caused the damage or injury.*

On October 31, 2008, claimant Douglas Cyr was contacted at his home, located at 811 Oakbrook Drive by Fairfield Police Officers Gassen (ID #1301), Perry, and Strickland (ID #1218) and arrested for an alleged DUI that had occurred earlier that evening (Arrest Report no. 08-15597. Claimant was placed in handcuffs without incident, and was in the process of being escorted to the police vehicle. Officers Gassen and Strickland dragged claimant an estimated distance of 25 feet across the asphalt to the patrol vehicle.

Due to the extensive injuries and 'road rash' claimant sustained to his lower back, buttocks, bilateral elbows and bilateral wrists from the handcuffs officers transported him to the nearest hospital for treatment prior to booking him.

Claimant suffered serious personal injuries as a direct result of the unreasonable, excessive force and negligence on the part of Fairfield Police Officers.

*5. What specific damage or injury do you claim resulted from the alleged action?*

As a direct result of the over-zealous conduct of Fairfield Police Officers, claimant suffered lacerations, deep abrasions, and 'road rash' to his elbows/forearms, wrists and lower back, and buttocks, which required immediate medical attention. To date, claimant suffers from ongoing complaints related to the injuries sustained in the incident giving rise to this claim. Photographs of his injuries are attached.

*6. Amount of Claim*

Claimant Douglas Cyr claims damages in the amount of $1,000,000.

*7. Name, address, and telephone number of any witnesses to the occurrence or transaction which gave rise to the claim asserted.*

Claimant's wife Joanna Cyr witnessed the events leading up to the incident. She resides with claimant.

*8. Claimant's Social Security Number:* 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
*Claimant's Date of Birth:* 9-10-57

*9. If the claim involved medical treatment for a claimed injury, please provide the name, address and telephone numbers of any doctors providing treatment.*

NorthBay Healthcare – 1200 B. Gale Wilson Blvd, Fairfield, CA 94533
John Muir Medical Center – 2540 East Street, Concord, CA 94520
Family Health Center of Benicia – 1440 Military West, Ste 101, Benicia, CA 94510











